UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINO GOMEZ,<br><br>        Plaintiff,<br><br>     v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | No. EDCV 04-1427-JTL<br><br>MEMORANDUM OPINION AND ORDER |

**PROCEEDINGS**

On November 23, 2004, Marcelino Gomez ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of his application for Disability Insurance Benefits and Supplemental Security Income benefits. On December 29, 2004, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on May 31, 2005, defendant filed an Answer to Complaint. On August 12, 2005, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

**BACKGROUND**

On December 20, 2001, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ["AR"] at 154-56). Plaintiff alleged that beginning on March 5, 2001, he was unable to work because he suffered from leg and back impairments. (AR at 160). The Commissioner denied plaintiff's applications for benefits, initially and upon review. (AR at 78-83, 86-90).

On November 9, 2002, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 91). At the hearing scheduled on September 3, 2003 in San Bernardino, California, the ALJ continued the matter to allow plaintiff to retain counsel or the assistance of a representative. (AR at 22-26). On December 11, 2003, the ALJ conducted a hearing in San Bernardino, California. (AR at 27-52). Plaintiff appeared at the hearing with his counsel and testified. (AR at 311-26). Lowell L. Sparks, M.D., a medical expert, and Corinne Porter, a vocational expert, also testified. (AR at 30-44, 44-52). The hearing was continued to May 19, 2004 in San Bernardino, California. (AR at 53-77). Joseph Malancharuvil, Ph.D., a medical expert, and Sandra Fioretti, a vocational expert, appeared and testified at the continued hearing. (AR at 53-63, 63-75).

On June 23, 2004, the ALJ issued his decision denying benefits. (AR at 14-20). In his decision, the ALJ concluded that plaintiff suffered from degenerative disc disease, obesity, fractured elbow with residual pain, sleep apnea, depression, and drug and alcohol abuse in remission, which constituted severe impairments. (AR at 15). According to the ALJ, however, none of these impairments met or equaled any of the criteria contained in the Commissioner's Listing of

Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (Id.). The ALJ further concluded that plaintiff retained the residual functional capacity to perform a significant range of light work. (AR at 20). Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act. (AR at 19).

On July 7, 2004, plaintiff filed a timely request with the Appeals Council for review of the ALJ's decision. (AR at 7). On September 9, 2004, the Appeals Council affirmed the ALJ's decision. (AR at 4-6).

**PLAINTIFF'S CONTENTION**

Plaintiff contends that the ALJ made improper credibility findings.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible

of more than one rational interpretation, the ALJ's decision must be upheld.  Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

**A.    The Sequential Evaluation**

The Commissioner has established a five-step sequential process for determining whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920 (1991); Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  At step one, disability benefits are denied if the Commissioner determines that the claimant is engaged in substantial gainful activity.  Bowen, 482 U.S. at 140.  At step two, the Commissioner evaluates whether the claimant has a medically severe impairment which significantly limits his physical or mental ability to do basic work activities. (Id. at 140-41).  Step three requires a consideration of whether the claimant's impairment is equivalent to one of a number of listed impairments that are so severe as to preclude substantial gainful activity. (Bowen, 482 U.S. at 141).  If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. (Id.).  If the impairment is not one that is conclusively presumed to be disabling, step four of the evaluation determines whether the impairment prevents the claimant from performing work he has performed in the past. (Id.).  If the claimant cannot perform his past work, the fifth and final step determines whether he is able to perform other work in the national economy in light of his age, education and work experience. (Id. at 142).  The claimant is entitled to disability benefits only if he is not able to perform such work. (Id.).
///

///

**B.   <u>Rejection of Plaintiff's Credibility</u>**

Plaintiff objects to the ALJ's determination that plaintiff lacked credibility regarding his alleged functional limitations. The ALJ made the finding that "[t]he claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision." (AR at 19). Plaintiff claims that the ALJ's finding was not sufficiently specific in that it failed to identify which portion of plaintiff's testimony was not credible and the specific evidence that undermined the testimony. Rather, plaintiff characterizes the ALJ's finding as a general statement that plaintiff was not credible. Therefore, plaintiff contends that the matter should be remanded for the ALJ to make proper credibility findings.

At the hearing, plaintiff testified regarding his pain and functional limitations. First, plaintiff testified that he had trouble sleeping both at night and during the day. (AR at 33). Plaintiff complained that the pain in his back prevented him from concentrating. (AR at 33-34). Plaintiff also complained of pain in his back, hips, right leg, and left knee, and testified to numbness on his left side. (AR at 39-41). Plaintiff further testified that he would not be able to work an eight-hour job. (AR at 43).

An ALJ need not believe every allegation of disabling pain. <u>See</u> <u>Ortega v. Shalala</u>, 50 F.3d 748, 750 (9th Cir. 1995). Where an ALJ finds a claimant's claims of disabling pain not entirely credible, and there is no evidence of malingering, the ALJ must set forth legally permissible, specific, clear and convincing reasons for doing so. <u>See</u> <u>Dodrill v. Shalala</u>, 12 F.3d 915, 918 (9th Cir. 1993) ("If there is medical evidence establishing an objective basis for some degree of

pain and related symptoms, and no evidence affirmatively suggesting that the claimant was malingering, the Secretary's reason for rejecting the claimant's testimony must be 'clear and convincing,' and supported by specific findings") (citations omitted). "The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Morgan v. Commissioner of the Social Security Admin., 169 F.3d 595, 599 (9th Cir. 1999).

Furthermore, "[i]t's not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." Dodrill, 12 F.3d at 918 (citing Varney v. Secretary of Health and Human Services, 846 F.2d 581, 584 (9th Cir. 1988), rev'd on other grounds upon reh'g, 859 F.2d 1396 (9th Cir. 1988)). An ALJ's reasons for discrediting a claimant's testimony must be sufficiently specific for the reviewing court to assess whether the decision was impermissibly arbitrary. Bunnell v. Sullivan, 947 F.2d 341, 345-56 (9th Cir. 1991).

Here, the ALJ cited to several factors giving rise to his rejection of plaintiff's credibility. These factors consisted of plaintiff's alleged malingering on medical tests, conservative and sporadic medical treatment, and ability to perform his daily routine. (AR at 16-18).

**1.  Test Results**

First, the ALJ rejected plaintiff's credibility based on plaintiff's performance on the Rey 15 Item Memory Test. (AR at 17). The test results suggested that plaintiff was trying dissimulate a cognitive impairment. (AR at 308). Clifford Taylor, Ph.D., an evaluating psychologist, further opined that plaintiff's "effort level was partially credible at best and test scores reflect a lack of

6

effort to a great degree." (AR at 309). The Ninth Circuit has held that "efforts to impede accurate testing of [a claimant's] limitations supports the ALJ's determinations as to [a claimant's] lack of credibility." Thomas v. Barnhart, 278 F.3d 947, 259 (9th Cir. 2003). Therefore, the ALJ cited as a proper ground for rejecting plaintiff's credibility plaintiff's alleged malingering on medical evaluations.

Furthermore, Dr. Malancharuvil, a medical expert, cited these self-limiting test results when he opined that plaintiff was capable of performing light work. (AR at 58-59). The ALJ considered Dr. Malancharuvil's opinion to be highly probative and gave it "great weight." (AR at 17). It is well-settled that questions of credibility and resolutions of conflicts in the testimony are functions solely of the ALJ. See Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). Given this evidence of malingering and expert opinion regarding the same, the ALJ gave proper grounds for rejecting plaintiff's credibility.

**2.   Conservative Medical Treatment**

The ALJ also rejected plaintiff's credibility due to his conservative and sporadic medical treatment. The ALJ noted that plaintiff's use of prescribed medications provided partial symptomatic relief. (AR at 18). The ALJ further noted that claimant did not take any psychotropic medication for his depression and had not participated in psychiatric treatment. (Id.).

An ALJ may reject a claimant's allegations of extreme pain where the patient uses only mild pain medication. See Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1994) (affirming ALJ's decision to reject patient's credibility and noting that plaintiff "has not required prescription pain medication"); see also Tidwell v. Apfel, 161 F.3d

7

599, 602 (9th Cir. 1998) (rejecting plaintiff's credibility and noting pain did not require prescription medications); Ruiz v. Apfel, 24 F. Supp. 2d 1045, 1048 (C.D. Cal. 1998) (rejecting plaintiff's credibility and stating, "More particularly, [the ALJ] remarked that [plaintiff] had not been prescribed narcotic pain medication, as would be expected if she suffered from intense, chronic pain."); Matthews v. Shalala, 10 F.3d 678, 679-680 (9th Cir. 1993) (permissible credibility factors include limited treatment and minimal use of medications).

An ALJ may also rely on a claimant's unexplained failure to seek treatment in rejecting a claimant's credibility. Smolen, 80 F.3d at 1284 (ALJ may rely on claimant's "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment"); Bunnell, 947 F.2d at 346 (identifying claimant's failure to seek medical treatment as proper reason to discredit claimant's testimony); Fair, 885 F.2d at 603 (9th Cir. 1989) (listing proper reasons to discredit claimant's testimony and stating, "Another such form of evidence is an unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment.").

Here, the ALJ named specific instances of plaintiff's conservative and sporadic treatment in support of his decision to reject his credibility. Because it is well-settled that conservative and sporadic treatment are grounds for rejecting credibility, the ALJ gave sufficient grounds for rejecting plaintiff's credibility.

**3.  Daily Activities**

Finally, the ALJ determined that plaintiff's ability to clean his room, watch television, listen to music, walk around the house, water the yard, help out with household chores, dress and bathe himself,

shop, fix very simple meals, and manage his own funds rendered his claims of disability not credible. (AR at 18). The ALJ reasoned that plaintiff's ability to handle these daily activities by himself suggest that "the claimant does not suffer from an incapacitating or debilitating medical condition and is capable of more than he is currently willing to admit." (Id.).

In evaluating a claimant's credibility, an ALJ must consider the claimant's daily activities and the adjudicator's personal observation of the claimant. See SSR 95-5p. "With respect to daily activities, this court has held that if a claimant 'is able to spend a substantial part of [his] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations.'" Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001) (emphasis in original) (citing Morgan, 169 F.3d at 600); see also Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).

Here, the ALJ noted that plaintiff engaged in daily activities that undermined the credibility of his statements that he was disabled. Furthermore, the ALJ named the specific activities that plaintiff engaged in that served as the basis for rejecting his credibility. As such, the ALJ gave proper grounds for rejecting plaintiff's credibility on the basis of his ability to engage in his daily activities.

In sum, the Court finds that the ALJ cited three specific factors for rejecting plaintiff's credibility in the body of his decision. All three factors, test results suggesting malingering, conservative and sporadic treatment, and the ability to engage in daily activities, are sufficiently specific grounds for rejecting a claimant's

9


credibility under the law.  Thus, the Court concludes that the ALJ did not commit error by failing to cite to specific reasons in rejecting plaintiff's credibility.[1]

**ORDER**

After careful consideration of all documents filed in this matter, this Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the proper legal standards.  The Court, therefore, AFFIRMS the decision of the Commissioner of Social Security Administration.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 29, 2005

                                        /s/
                                   JENNIFER T. LUM
                                   UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff does not claim that the ALJ's grounds for rejecting plaintiff's credibility are insufficient; rather, plaintiff contends that the ALJ did not cite any reasons for rejecting plaintiff's credibility.  Thus, the Court does not address whether the ALJ's grounds were adequately supported by the evidence in the record.  The Court finds only that the ALJ was sufficiently specific in stating the grounds for rejecting plaintiff's credibility.